

Exhibit 42

Elmore_000001



Elmore_000002



Exhibit 42

Elmore_000003

## Re: Rating Instrument

James McGowan <sirjfmcgowan@gmail.com>
Thu 8/19/2021 12:01 PM
To:Christopher Clark <c.clark@fallstwp.com>

Chris -
Will send shortly

Sent from my iPhone

> On Aug 19, 2021, at 11:55 AM, Christopher Clark <c.clark@fallstwp.com> wrote:
>
> Good Morning Jim,
> Whenever you have a chance would you please send me the rating instrument we discussed for oral board candidates.
>
> Thanks,
>
> Chris
>
> Christopher Clark
> Sergeant
> Criminal Investigation Division
> Township of Falls Police Department
> 188 Lincoln Highway
> Fairless Hills, PA 19030
> Office: (215) 302-3315
> Cellular: ████████
> Facsimile: (215) 949-9106

Exhibit 43

Re: Rating Instrument

Christopher Clark <c.clark@fallstwp.com>
Thu 8/19/2021 12:14 PM
To:James McGowan <sirjfmcgowan@gmail.com>

This is great Jim, thanks, and thanks for whatever else you're willing to share.

Christopher Clark
Sergeant
Criminal Investigation Division
Township of Falls Police Department
188 Lincoln Highway
Fairless Hills, PA 19030
Office: (215) 302-3315
Cellular: ▮▮▮▮▮▮▮▮▮
Facsimile: (215) 949-9106

> On Aug 19, 2021, at 12:12 PM, James McGowan <sirjfmcgowan@gmail.com> wrote:

Chris – I have an accompanying question packet that I provide for sale to agencies. It has a series of questions with suggested answers / follow questions that are scored/unscored. I can send you some samples shortly. It proved very useful recently on this disqualifying an applicant who lied during his oral panel interview.
Jim

Sent from my iPhone

> On Aug 19, 2021, at 12:02 PM, Christopher Clark <c.clark@fallstwp.com> wrote:

Great, thanks Jim

Christopher Clark
Sergeant
Criminal Investigation Division
Township of Falls Police Department
188 Lincoln Highway
Fairless Hills, PA 19030
Office: (215) 302-3315
Cellular: ▮▮▮▮▮▮▮▮▮
Facsimile: (215) 949-9106

Exhibit 43

**STRATEGIC INVESTIGATIVE RESOURCES LLC** www.SIR369.com

|  | |
|---|---|
| | Oral Panel Questions Scoring Rubric. Follow up questions are noted beneath each question on the score sheet. Each candidate may be scored with "Initial", "Interim" and "Final" scoring. |
| 20 | The candidate clearly understands how to solve the problem/question. Minor mistakes and careless errors can appear insofar as they do not indicate a conceptual misunderstanding.<br><br>Excellent communication skillset |
| 15 | The candidate understands the main concepts and problem-solving techniques but has some minor yet non-trivial gaps in their reasoning.<br><br>Good communication skillset |
| 10 | The candidate has partially understood the problem/question. The candidate is not completely lost but requires guidance in some of the basic concepts. The candidate may have started out correctly but gone on a tangent or not finished the problem.<br><br>Fair communication skillset |
| 05 | The candidate has a poor understanding of the problem/question. The candidate may have gone in a not-entirely-wrong but unproductive direction or attempted to solve the problem using pattern a bad analysis or methodology.<br><br>Poor communication skillset |
| 0 | The candidate did not understand the problem/question. They may have conveyed some appropriate analysis, but nothing further. Or they may have done something entirely wrong.<br><br>Unacceptable skillset. |

© Strategic Investigative Resources LLC

Exhibit 43

## RE: Rating Instrument

sirjfmcgowan@gmail.com <sirjfmcgowan@gmail.com>
Thu 8/19/2021 12:16 PM
To:Christopher Clark <c.clark@fallstwp.com>

◊ 1 attachments (177 KB)
Lower Pottsgrove V1 Oral Interview Questions.pdf;

See attached. I provide a brief training to the panel before the interviews explaining the scoring/spirit of the questions. If you have any questions, I am driving for next 3 hours
Jim

James F. McGowan
Strategic Investigative resources LLC

Home | Strategic Investigative Resources LLC

sirjfmcgowan@gmail.com
610 960-0377

-----Original Message-----
From: Christopher Clark <c.clark@fallstwp.com>
Sent: Thursday, August 19, 2021 12:02 PM
To: James McGowan <sirjfmcgowan@gmail.com>
Subject: Re: Rating Instrument

Great, thanks Jim

Christopher Clark
Sergeant
Criminal Investigation Division
Township of Falls Police Department
188 Lincoln Highway
Fairless Hills, PA 19030
Office: (215) 302-3315
Cellular: ███████████
Facsimile: (215) 949-9106

> On Aug 19, 2021, at 12:01 PM, James McGowan <sirjfmcgowan@gmail.com> wrote:
>
> Chris -
> Will send shortly
>
> Sent from my iPhone
>

Exhibit 43

>> On Aug 19, 2021, at 11:55 AM, Christopher Clark <c.clark@fallstwp.com> wrote:

>>

>> Good Morning Jim,

>> Whenever you have a chance would you please send me the rating instrument we discussed for oral board candidates.

>>

>> Thanks,

>>

>> Chris

>>

>> Christopher Clark

>> Sergeant

>> Criminal Investigation Division

>> Township of Falls Police Department

>> 188 Lincoln Highway

>> Fairless Hills, PA 19030

>> Office: (215) 302-3315

>> Cellular: ███████████

>> Facsimile: (215) 949-9106

Exhibit 43

Candidate_____        Date_____

Final SCORE_____

# LOWER POTTSGROVE TOWNSHIP POLICE
# ORAL INTERVIEW PANEL-ENTRY LEVEL OFFICER

*"You will be expected to answer the questions honestly and to the best of your abilities and knowledge. There will be police related questions. However, you are not expected to know exact case law or police procedures. You will be rated on your overall maturity, composure, integrity, and communication skills."*

1) Please describe for the panel, in detail, your background, education, training, work experience and why you feel you should be considered as a candidate for the position of Lower Pottsgrove Township police officer.

*Candidates should provide detailed information that shows a pattern of acceptance of responsibility, good judgement, and goal achievement.*

NOTES:

_____

Score:  /20
_____

2) Have you ever been disqualified or asked to withdraw from another police testing process OR been disciplined, fired, or asked to resign from a prior employer? Further, if you are selected to move on to the background process, do you have any concerns about anything negative that we will learn.

NOTES: (Take detailed notes for Detectives to utilize during the background investigation. Was criminal conduct such as drug use engaged in after their decision to pursue LE?)

_____

_____

Not Scored

© Strategic Investigative Resources LLC

Exhibit 43



3) Please tell us what you know about the Lower Pottsgrove Township Police Department and the community served by this agency.

NOTES:

_____

Score:_____/20 _____

4) Identify your strongest attribute and how you feel it will aid in your performance as a Lower Pottsgrove Township Police Officer.

NOTES:

_____

Score:_____/20 _____

5) You are on solo patrol and receive a 911 call for a suspicious minority (African American/Hispanic) male on a bicycle in a neighborhood. The caller advised county radio they live on a quiet street and only white people live there. The caller is requesting you find out why this male is in the neighborhood. **How would you handle this situation?**
**Scenario does not rise to a "mere encounter". Race/bias does not justify reason for a stop. May contact complainant to determine what is "suspicious". If applicant does perform mere encounter, question them on what they will do if male records them asking "are you stopping me because of my race."**

NOTES:

_____

Score:_____/20 _____

© Strategic Investigative Resources LLC

Exhibit 43



6) You are handling a domestic arrest with your FTO and while escorting the arrested subject to your patrol vehicle he becomes irate. Your FTO tells him to calm down and the male responds by spitting on your FTO. Your FTO punches the male causing minor injury. Your FTO apologizes to you saying he lost his temper and needs you to have his back. He says he would be erasing your body camera footage and asks you not to document the incident in your report. **How would you handle this situation?**
**Applicant should report this to next level supervisor and identify that the FTO is committing crime of Tampering with Evidence, Assault, etc. Applicant should identify impact on profession/career if they would condone this behavior.**

NOTES:

_____

Score:   /20

_____


7) Please tell the board why you are the best candidate to be selected for this position?

NOTES:

_____

Not Scored

_____


*Thank you for your interest in joining the Lower Pottsgrove Township Police Department. This concludes the oral interview.*


Initial _____          Interim_____          Final Score_____


© Strategic Investigative Resources LLC


Exhibit 43

Re: Rating Instrument

Christopher Clark <c.clark@fallstwp.com>
Thu 8/19/2021 12:19 PM
To:sirjfmcgowan@gmail.com <sirjfmcgowan@gmail.com>

📎 1 attachments (19 KB)
2021 Interview Questions.docx;

Thanks very much Jim, I attached the list of questions we used this last go round if you have any thoughts on them. The rubric you provided will be very helpful defending the scoring.

From: sirjfmcgowan@gmail.com <sirjfmcgowan@gmail.com>
Sent: Thursday, August 19, 2021 12:15 PM
To: Christopher Clark <c.clark@fallstwp.com>
Subject: RE: Rating Instrument

See attached. I provide a brief training to the panel before the interviews explaining the scoring/spirit of the questions. If you have any questions, I am driving for next 3 hours
Jim

James F. McGowan
Strategic Investigative resources LLC

Home | Strategic Investigative Resources LLC

sirjfmcgowan@gmail.com
610 960-0377

-----Original Message-----
From: Christopher Clark <c.clark@fallstwp.com>
Sent: Thursday, August 19, 2021 12:02 PM
To: James McGowan <sirjfmcgowan@gmail.com>
Subject: Re: Rating Instrument

Great, thanks Jim

Christopher Clark
Sergeant
Criminal Investigation Division
Township of Falls Police Department
188 Lincoln Highway
Fairless Hills, PA 19030
Office: (215) 302-3315
Cellular: ███████
Facsimile: (215) 949-9106

Exhibit 43

> On Aug 19, 2021, at 12:01 PM, James McGowan <sirjfmcgowan@gmail.com> wrote:
>
> Chris -
> Will send shortly
>
> Sent from my iPhone
>
>> On Aug 19, 2021, at 11:55 AM, Christopher Clark <c.clark@fallstwp.com> wrote:
>>
>> Good Morning Jim,
>> Whenever you have a chance would you please send me the rating instrument we discussed for oral board candidates.
>>
>> Thanks,
>>
>> Chris
>>
>> Christopher Clark
>> Sergeant
>> Criminal Investigation Division
>> Township of Falls Police Department
>> 188 Lincoln Highway
>> Fairless Hills, PA 19030
>> Office: (215) 302-3315
>> Cellular: ███████████
>> Facsimile: (215) 949-9106

Exhibit 43

_____

Candidate                                                    Date


_____

Reviewer


1. Please give us a professional résumé detailing your background, education, training and work experience and why you feel you should be considered as a candidate for the position of Falls Township Police Officer.




2. Have you ever been disqualified or asked to withdraw from another police testing process **OR** been disciplined, fired or asked to resign from a prior employer?




3. Have you ever been informed that you did not meet the moral, ethical or similar standards of any agency during a law enforcement selection process?



Exhibit 43

4.  As opposed to your professional life, what do you do with your free time?

5.  Please describe a complex problem, conflict or similar situation which occurred at your current or a previous place of employment which required your interpersonal communication skills to solve.

6.  Every job, including police work, has downtime, periods of boredom and seemingly nothing to do, what do/did you do when you find yourself faced with this at your current or a former place of employment?

7.  Please tell us what you know about the Falls Township Police Department as well as the Township and communities we serve. Also identify your strongest attribute and how you feel it will aid in your performance as a Falls Township Police Officer given what we strive for here.

Exhibit 43

We will now transition to scenario-based questions. For candidates with a non-law enforcement background, we are assessing you on your judgement, composure, integrity, reasoning and problem-solving ability. The lack of knowledge of police policy, case law and procedure will not be considered.

8. You hear a fellow police officer effecting a traffic stop on a motor vehicle. As you are in the area you park behind him as back up. Afterward, you speak with the Officer who tells you that prior to your arrival he secured consent to search the car. You then approach the motorist's car and standby while the Officer searches the car. During this time, you observe the Officer recover obvious drug paraphernalia from underneath the driver's seat, before pushing it back, far underneath the seat. The Officer thanks the motorist and tells him he's free to leave. The motorist and the Officer walk to their cars and both prepare to leave the area. What do you do?

9. You make an arrest for endangering the welfare of a child, an intoxicated father was neglectful with fireworks exploding in the hand of his two-year-old son, causing third degree burns and the possible loss of hearing. A fellow Officer who backs you up is visibly upset due to what occurred. When you arrive at the cell block your fellow Officer begins forcibly removing him from the rear of the car after which he throws him to the ground. Your fellow Officer tells you 'give me a minute' as he climbs on top of the prisoner. What would you do?

Exhibit 43

10. You are dispatched to investigate the report of an in progress retail theft. The complainant, who is the store's loss prevention employee, reports that she's currently surveilling a black female who has placed several items of clothing inside her purse. Additionally, the complainant reports that there are two additional black females inside the store acting as 'lookouts' for the female. How would you investigate this incident?

11. You and another Officer are assigned to the same car to work a six-hour traffic detail. During downtime between stops, you notice your co-worker checking various social media accounts on his cell phone. After some time, you determine that he's researching young female drivers that you've stopped during the detail and liking their photographs and postings. What would you do?

12. You are assigned to investigate the welfare of a thirty-year-old male who lives with his mother. According to the complainant, the male has made suicidal statements including 'wishing he was dead,' he hasn't showered, changed clothes or eaten for several days. When you arrive at the residence you are greeted by the

Exhibit 43

mother who advises that her son is home, however, he's sleeping and she doesn't want you in her house after which she abruptly closes the door.  What do you do?

13.   Law Enforcement has many opportunities for specialization and advancement, where do you see yourself in five years?  Please explain when and why you decided to pursue a career in law enforcement?

14.   What is the worst thing you've ever witnessed a friend, family member, co-worker, etc... do and did not intervene to stop them or report it to the appropriate authority afterward?

15.   What is the worst thing you have ever done, constituting a criminal act, which you were never investigated for?

16.   (I'll ask this question) I oversee the background investigations, is there anything in your background that is a cause for concern, is negative, scandalous or would bring about embarrassment or similar concerns for this agency?

Exhibit 43

This concludes your interview, please be mindful of your acknowledgment regarding the dissemination of any information from the interview.

Exhibit 43

RE: Rating Instrument

sirjfmcgowan@gmail.com <sirjfmcgowan@gmail.com>
Thu 8/19/2021 8:52 PM

To:Christopher Clark <c.clark@fallstwp.com>

Chris-

Great questions. I would only note which receive a score and what the suggested/acceptable answers would be on the scenarios.  The questions I sent have an outline/suggested answers. Basically, you are covering the scores/topics to avoid the appearance of total subjectivity with no framework
Jim


James F. McGowan
Strategic Investigative resources LLC

Home | Strategic Investigative Resources LLC

-
sirjfmcgowan@gmail.com
610 960-0377




From: Christopher Clark <c.clark@fallstwp.com>
Sent: Thursday, August 19, 2021 12:19 PM
To: sirjfmcgowan@gmail.com
Subject: Re: Rating Instrument

Thanks very much Jim, I attached the list of questions we used this last go round if you have any thoughts on them.  The rubric you provided will be very helpful defending the scoring.

From: sirjfmcgowan@gmail.com <sirjfmcgowan@gmail.com>
Sent: Thursday, August 19, 2021 12:15 PM
To: Christopher Clark <c.clark@fallstwp.com>
Subject: RE: Rating Instrument

See attached. I provide a brief training to the panel before the interviews explaining the scoring/spirit of the questions. If you have any questions, I am driving for next 3 hours
Jim

James F. McGowan
Strategic Investigative resources LLC

Home | Strategic Investigative Resources LLC

sirjfmcgowan@gmail.com
610 960-0377

Exhibit 43

-----Original Message-----
From: Christopher Clark <c.clark@fallstwp.com>
Sent: Thursday, August 19, 2021 12:02 PM
To: James McGowan <sirjfmcgowan@gmail.com>
Subject: Re: Rating Instrument

Great, thanks Jim

Christopher Clark
Sergeant
Criminal Investigation Division
Township of Falls Police Department
188 Lincoln Highway
Fairless Hills, PA 19030
Office: (215) 302-3315
Cellular: ███████████
Facsimile: (215) 949-9106

> On Aug 19, 2021, at 12:01 PM, James McGowan <sirjfmcgowan@gmail.com> wrote:
>
> Chris -
> Will send shortly
>
> Sent from my iPhone
>
>> On Aug 19, 2021, at 11:55 AM, Christopher Clark <c.clark@fallstwp.com> wrote:
>>
>> Good Morning Jim,
>> Whenever you have a chance would you please send me the rating instrument we discussed for oral board candidates.
>>
>> Thanks,
>>
>> Chris
>>
>> Christopher Clark
>> Sergeant
>> Criminal Investigation Division
>> Township of Falls Police Department
>> 188 Lincoln Highway
>> Fairless Hills, PA 19030
>> Office: (215) 302-3315
>> Cellular: ███████████
>> Facsimile: (215) 949-9106

Exhibit 43

**Subject:** FW: Responses to allegations

**Date:** Monday, December 12, 2022 at 4:34:44 PM Eastern Standard Time

**From:** Matthew Takita on behalf of Matthew Takita

**To:** Lauren Gallagher, Michael Clarke

**Attachments:** Memo to Elmore - 6 Dec 22.pdf, Response, K9 training_.pdf, K9 Unit Recommendations.pdf, Elmore Memo - 5 Dec 2022.pdf, Elmore, Lundquist, Fisher 8-17-22 Determination.pdf, Response, December 5th and 6th memos_ (2).pdf

Matthew K. Takita, AIA, MCP
Township Manager
Zoning Administrator
Director of Code Enforcement

---

**From:** Ed E <edinpa84@gmail.com>
**Sent**: Friday, December 9, 2022 1:57 PM
**To:** Matthew Takita <m.takita@fallstwp.com>; Rich Dippolito <r.dippolito@fallstwp.com>; cjcook.esq@msn.com; Nelson Whitney <n.whitney@fallstwppd.com>
**Subject:** Responses to allegations

Chief Whitney,

At the advice of Chris Cook, I will not be making a verbal response at today's Loudermill Hearing.  Please accept the attached written response, as you advised I was able to do.

Exhibit 44                                                                                           Harran_079    1 of 1

## Whitney, Nelson

| | |
|---|---|
| **From:** | Ed E <edinpa84@gmail.com> |
| **Sent:** | Friday, December 9, 2022 1:57 PM |
| **To:** | Matthew Takita; Richard Dippolito; cjcook.esq@msn.com; Whitney, Nelson |
| **Subject:** | Responses to allegations |
| **Attachments:** | Memo to Elmore - 6 Dec 22.pdf; Response, K9 training_.pdf; K9 Unit Recommendations.pdf; Elmore Memo - 5 Dec 2022.pdf; Elmore, Lundquist, Fisher 8-17-22 Determination.pdf; Response, December 5th and 6th memos_ (2).pdf |

Chief Whitney,

At the advice of Chris Cook, I will not be making a verbal response at today's Loudermill Hearing. Please accept the attached written response, as you advised I was able to do.

1
# Exhibit 44

Defense 1024

### Response, K9 training:

### Background:

On 07/07/17 Lt. Ward committed a brutal, unprovoked assault on an African-American prisoner held in his custody. Lt. Ward then authored a criminal complaint against his victim charging him with crimes he did not commit before sending his victim to he held in prison on these false charges.  Lt. Ward lacks the credibility to conduct any investigation or author any report where he claims to be a finder of fact. Lt. Ward failed to disclose his lack of credibility when producing his memo.

Lt. Ward routinely enlists the assistance of his nephew Sgt. (acting lieutenant) Clark to assist him with handling of recordings or other preparations involving investigations. On 07/05/22 county judge Finley ruled that Sgt. Clark had engaged in illegal searches and then lied in court under oath to cover it up. Judge Finley ruled that Sgt. Clark lacked credibility. To the extent that Sgt. Clark was allowed to handle any evidence or prepare any part of Lt. Ward's memo, as he has done in the past, he also lacks the credibility to be involved in any way with any investigation.

### Background:

On 07/07/21 K9 officers Elmore, Lundquist and Fisher met with Lt. Ward to discuss K9 training. The meeting was directed towards training time, hours and what is considered a training day in lieu of a shift. The issue arose when another officer had taken a day spent in county court as a day in lieu of a shit. CBA article 15 Education and Training section 2 Schools and Training allows: "Any employee authorized to attend a school or course of instruction or training which occurs on a scheduled work day will, with notice to the chief, be excused from regular duty" It has been the practice for the last decade that K9 officers attending a K9 training day were excused from their shift if it fell on a regular scheduled day.  The officer attending court was not eligible under this section and raised the issue that the K9 officers only put in for 4 hours of overtime.

This meeting specifically addressed this issue. Lt Ward, having been a K9 officer himself, was already fully aware of the facts surrounding K9 training and that the county will only reimburse 4 hours of K9 training time. The question was raised, are you only training for 4 hours on these days. Lt. Ward was informed (as he was already aware) that K9 training often has unavoidable periods of down time, specifically: The township does not have a supply of training locations. New locations are constantly needed and are secured from various sources such as private property management groups or private citizens. Training is at their mercy as to when they arrive to open or secure a building. Training locations depend on what is available and significant amounts of time can be spent traveling to and from an available site. Under almost

Exhibit 44

Defense 1025

every training scenario, only one single K9 can be run through the drill at a time. All other K9 teams are required to wait.

[As Lt. Ward was already aware it has been the practice to only put in for 4 hours of overtime pay that would be reimbursed by the county. Officers working outside of their normal shift were expected to 'eat' or not be paid for the travel time or the accumulated waiting time during the day. This practice is of course illegal under FLSA as the township has an affirmative duty to pay for any period of time that they knew or should have known that their employees were working. This is inclusive of any time spent transporting a police K9 as established by case law and more importantly by CBA Article 15 article 2: " Employee may elect to work on that day, in which case the employee will be entitled to pay at time and a half for the hours traveling to and attending that instruction" Time spent traveling from one location to another during the day is also required to be compensated under FLSA as it is excluded from the portal to portal exemption. Any time waiting for either a training site to become available or waiting for a turn in line among the other K9 teams is also required to be compensated as the officers are in an "engaged to wait" capacity as defined under FLSA (FLSA Hours Worked Advisor: On Duty Waiting Time: "When your employee is waiting for work to do, for repairs to be made, etc. while on duty, he or she is engaged to wait and the time is hours worked."
https://webapps.dol.gov/elaws/whd/flsa/hoursworked/screenER78.asp ]

Lt Ward advised that this was no longer going to be the practice and that training days would be paid for a full 8 hours. Lt Ward specifically asked, "Is there any time you don't put in a full 8 hours with Bristol?" He was advised that the only time we would break off early from the Bristol group was if they wanted to go to the same greasy pizza shop for lunch and the Falls officers opted to eat somewhere else. Lt. Ward said, 'That's not going to fly going forward, you have to stay with the training group until the end of the day'

## Background:

On 12/18/21 County Det. Keddie was sent a copy of the 2022 Falls and Bristol K9 training days. These were days selected to have the least hardship on officers working 12 hour shifts as they would not fall between any 2 night shifts. February 25, 2022 was the day scheduled for the regular Falls and Bristol K9 scent training. When the schedule was created, each officer was assigned designated months to be responsible for leading training and securing any needed training locations. The first half of 2022 was designated to be the responsibility of Bristol officers including the February 25th date. The Bristol officer would have the responsibility of securing the training location that day.

## K9 training, scheduled scent training February 25th 2022

On 02/25/2022 K9 officers Elmore, Lundquist and Fisher attended the scheduled scent training day for this month. This month's training had been assigned to Bristol officers to plan and make all arrangements for securing locations. It was scheduled for an 8 hour block of time from 0700

Exhibit 44

Defense 1026

hours until 1500 hours conforming with the new directive to have 8 hour training days.  The county scent cert day was also scheduled to overlap this day. In past training when a county day fell on a regular scent day the location secured by the county remained available for K9 officers to continue training after the certification portion had ended. The old women's prison in Doylestown being the most recent previous example at the end of 2021. Falls K9 officers responded to Bristol Twp. K9 building to meet up with the training group as had been the procedure for years. Bristol advised that they did not have a location to conduct training before the county location became available and we had to wait for the site to open up. Falls K9 officers responded to the training site in advance of the scheduled start time to provide K9 scent aids as had been the practice in previous cert days. Scent items (explosive or drugs) are required to sit out or age for a period of time before K9's can be directed to search for them. (one of the unavoidable down time periods inherent in K9 training)  Falls K9 officers remained on scene waiting to be directed to engage in training certification and remained together with the expectation of being able to continue to use the location at the end of the certification. This location is a county owned property. When the certification concluded the county employees on scene advised that no one was remaining on scene to keep it available for additional K9 training that day. Bristol advised that they had not made any arrangements for an alternative site for the afternoon. The weather this day was in the low 30s with rain. Officers had been prepared for indoor training as scent days are almost always conducted indoors and scent items are not placed out in rain. Officers were already feeling the effects of exposure. The decision was made to seek shelter while breaking for lunch. During lunch officers continued to explore options for alternative training sites. No sites were found to be available. Officers also explored transitioning to patrol / tracking activities as the radar weather appeared to indicate that the rain would end. The rain continued. Falls K9 officers remained with the Bristol training group as they had been directed by Lt. Ward at the 07/07/21 meeting until the remaining amount of time allotted for the training day would be needed to complete transportation and securing of equipment. As per CBA Article 15 Section 2, Officers Fisher and Lundquist had to complete their travel time to secure and return home before the end of the allotted training time ending at 1500 hours. Officer Elmore returned to HQ to secure explosives then met with Chief Whiteny in his office to discuss union issues including misuse of administrative leave, quotas and the appropriateness of driving officers to attempt to get 'high scores' with the number of arrests. Officer Elmore then met with Lt. Ward and Sgt. Clark in Sgt. Clarks office where he was filling the position of acting lieutenant. He remained there until roughly 1730 hours when he informed Sgt. Clark that he was heading home, and did not return home until 1800 hours. At no time did Chief Whiteny, Lt. Ward, or Sgt. Clark exercise their supervisory authority to direct Officer Elmore not to return home at 1800 hours. Assistant Township Manager Dippolito has already confirmed that he has viewed the building security tapes and he found these times to be accurate.


On 03/16/2022 Lt. Ward called Ofc. Elmore while he was at Swat training with Officers Lundquist and Fisher. Ward stated on the phone call that 'The chief was going nuts' and that there was a big problem with the 02/25 K9 training day. Ward said that they had submitted the full 8 hours of training time to the county for reimbursement rather than the 4 hours that they typically would be asked to reimburse. Ward said that Whitney would take out anyone he had to

Exhibit 44

Defense 1027

to get who he was after including his own kids. (this was the second time Ward had made the same threat to Officer Elmore as union president. Ofc Elmore clearly understood that he would be targeted because he had advocated for union members) Ward said that 'someone should just kill him already' (referring to Whitney) These statements clearly show that any following investigation was simply to arrive at a predetermined outcome and could not in any way be considered impartial.

On 04/22/2022 Officer Elmore (PAFT President) began collecting ballots in regards to a vote of no confidence relating to Chief Whitney's ability to lead the department.

On 04/23/2022 Chief Whitney retaliated by requesting that the county investigate K9 officers Elmore, Lundquist and Fisher. The involved officers were not notified of the request and were not notified that the county concluded their independent investigation on 08/17/2022 finding no wrongdoing for any of the officers.

On 12/02/2022 Chief Whiteny informs K9 officers Elmore, Lundquist and Fisher that he has scheduled Loudermill hearings to terminate all officers (consistent with the threats made by Lt. Ward on 03/16/2022)


## Response to Lt. Ward's Memo (K9 unit administration investigation)

Lt. Ward has falsely backdated his memo to "March 29, 2022" This date is an impossibility as in the same memo he claims that he would not yet have conducted much of the investigation. As this is his official work product where he is advocating firing 3 officers under a dubious pretense, Lt. Ward must be held to his same standard. *(Section: 103.115 Knowing and willfully making false entry in an dept. report or record.)* Lt. Ward should immediately recommend terminating himself.


*[Policy 2.8.1 Discipline:*
*Section: 103.111 Failure to cooperate fully in a dept Administrative investigation.*
*Recommendation: Dismissal.]*

Lt. Ward authored a 9 page memo detailing all involved officers fully cooperating with all requests for interviews, providing documents and having further conversations about how to improve future training. Nowhere does he make any claim or provide any support for this finding.


*[Section: 103.110 Failure to report to the Chief, knowledge of corruption with the dept. including but not limited to, any illegal acts committed by a member of the dept. and/ or offers and acceptance of bribes or gratuities to permit illegal acts.*
*Recommendation: Dismissal. ]*


Exhibit 44

Defense 1028

Nowhere in the memo does Lt. Ward identify any knowledge of corruption or illegal acts or acceptance of bribes or gratuities by Officers Elmore, Lundquist or Fisher. Lt. Ward does appear to be himself advocating illegal acts by way of advocating violating federal law under the FLSA. He makes the assertion that the officers are not entitled to be paid for travel time to and from as provided by the CBA and while in 'engaged to wait' status as defined under the FLSA

*[Section: 103.115 Knowing and willfully making false entry in an dept. report or record. Recommendation: Dismissal. (Officer Lundquist is found to have violated this section twice, one for his police report the other for his overtime slip).]*

This appears to be an argument that because Lt. Ward does not feel that involved officers should be entitled to compensation as provided under the CBA and federal law (FLSA) that the reports are false. This is another dubious argument by Lt. Ward.

*[Section: 103.175 Repeated violations of dept rules and regulations and any course of conduct indicating that a member has little or no regard for his responsibilities as a member of the police dept. Recommendation: Dismissal.]*

Nowhere does Lt. Ward indicate a repeated violation of department rules and regulations or that any of the officers involved have no regard for responsibilities.

*[Section: 103.301 Refusal to obey proper orders from superior. Recommendation: Thirty-day suspension.]*

Nowhere does Lt. Ward identify a proper order that was refused. In fact, any issue that occurred this day regarding efficient use of time is a result of Officers Elmore, Lundquist and Fisher following Lt. Ward's order to the letter. He had directed that the Falls K9 officers remain with the Bristol training group for the entire training session and specifically ordered them not to leave under the exact conditions that occurred this training day.

*[Section: 103.420 failure to comply with any of the Chiefs orders, directives, regulations, etc., or any oral or written orders of superiors or dept policies. Recommendation: Five-day suspension.]*

Again, nowhere does Lt. Ward identify a proper order that was refused. In fact, any issue that occurred this day regarding efficient use of time is a result of Officers Elmore, Lundquist and Fisher following Lt. Ward's order to the letter. He had directed that the Falls K9 officers remain with the Bristol training group for the entire training session and specifically ordered them not to leave under the exact conditions that occurred this training day.

Exhibit 44

Defense 1029

*[Section: 103.595 Failure to satisfactorily complete an assigned task, according to established policies and procedures.*
*Recommendation: Five-day suspension. ]*

Again, any issue that occurred this day regarding efficient use of time is a result of Officers Elmore, Lundquist and Fisher following Lt. Ward's order to the letter. He had directed that the Falls K9 officers remain with the Bristol training group for the entire training session and specifically ordered them not to leave under the exact conditions that occurred this training day.

## **Conclusions**

The full 8 hour training day was submitted to be reimbursed by the county rather than the 4 hour portion that should have been submitted. This was a clerical error at the root of the issue.

From the beginning on 03/16/2022 where Lt. Ward said, "Whitney would take out anyone he had to to get who he was after including his own kids" this entire 'investigation' had a predetermined outcome. Whiteny was 'after' Ofc. Elmore for engaging in legally protected union activities and he was willing to 'take out' Officers Lundquist and Fisher in the process.

At best, Lt. Ward may wish there was more supervision on the day in question so that when difficulties with training sites came up someone with the authority to issue a new order was on hand. The supervisor for the K9 group that was missing this day was Cp. Langan. (The previous union president)

Lt. Ward's Memo intentionally leaves out all of the above facts and background that put the day into the proper light. This highlights why it is problematic to allow a man who would brutally beat an innocent person before falsely imprisoning him to conduct any sort of investigation, handle any evidence, form any conclusion or in any way to be a finder of fact.

The Falls K9 officers were with the Bristol K9 officers for the training day. Bristol was responsible for planning this day yet to this date no one has accused any of the Bristol officers of wrongdoing.

The county has already independently investigated this issue and found no wrongdoing. The county did not even see enough to justify contacting any involved officers or conducting any interviews.

These charges violate contractual due process rights. CBA section 12 (2) required this to be resolved months ago.

Exhibit 44

Defense 1030

**<u>Response, December 5th and 6th memos:</u>**

In regard to your memo dated December 5, 2022 (Conduct unbecoming an officer) you identify several instances of me engaging in union activity as PAFT president including: advocating for members facing discipline, meeting with members to discuss union issues, and challenging the credibility of the accusers of PAFT members facing discipline. You also identify me opposing violations of EEOC laws or drawing attention to the same behavior. As you are aware, I have made complaints to the township regarding unlawful discriminatory practices and I have cooperated with investigations brought by the targeted officers. "The Officers of the Falls Township Police Department and the residents of Falls Township have a right to a Police Department that is free of racism and sexism" should not be a controversial statement.

In regard to your memo dated December 6, 2022 (Insubordination) This was the first I was aware of the December 5th memo. I had not seen the December 5th memo tucked into the RSVP link.

In regard to your orders, I have complied to the fullest extent that I can. The links have been disabled however there is no physical video to return to you.

In regard to the lawfulness of your orders to be silent on these issues and your retaliatory threats of termination for engaging in legally protected activity, I will formally address these issues in the future.

Exhibit 44

Defense 1041

## Falls Township Police Department

### DISCIPLINE TRACKER

| Name | Category | Description | Code | Action | Date | Duration | End Date | Notes |
|---|---|---|---|---|---|---|---|---|
| Ahrens, David | Misconduct | Misuse of emails | 2.4.7 | Counseling | 2/22/2021 | 1 year | 2/22/2022 | White email |
| Ahrens, David | Insubordination | Damage to police vehicle as a result of accident | 103.47 | Counseling | 9/20/2024 | 2 years | 9/20/2026 | Parking lot accident at Ace Motel, minor damage to police vehicle only. |
| Belinsky, Martial | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 6/5/2021 | 1 year | 6/5/2022 | Prom detail |
| Clark, Christopher | Misconduct | Harassment/Discrimination in workplace | 2.8.2 | Not sustained | 7/19/2024 | NA | NA | J.Rhodunda accused Lt. Clark of walking into him in the hallway |
| Collins, Michael | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling Session w/Sgt. A. Fanelli | 1/3/2021 | 2 years | 1/3/2023 | Backed 34-12 out of sally port, hit driver's side mirror on pole |
| Parnes, Michael | Accident | Damage to police vehicle as a result of accident | 103.47 | Oral reprimand | 3/20/2021 | 2 years | 3/20/2023 | Hit median going around curve, blew out both driver's side tires |
| Collins, Michael | Noncompliant | Failure to Search Prisoner | 103.425 | Oral Reprimand | 4/9/2021 | 1 year | 4/9/2022 | Drugs and pipe on prisoner in cell block |
| Crosier, Victoria | Insubordination | AWOL | 103.41 | Oral Reprimand | 3/3/2021 | 1 year | 3/3/2022 | Did not properly take day off |
| Crosier, Victoria | Insubordination | Failure to comply with orders | 103.42 | Not sustained | 6/5/2021 | NA | NA | Prom detail |
| Crosier, Victoria | Insubordination | Failure to adhere to rules and regulations | 103.59 | Written Reprimand | 6/5/2021 | 1 year | 6/5/2022 | Prom detail |
| Crosier, Victoria | Misconduct | False statements - pursuit | 103.112 | Termination recommendation - Reduced to no discipline by BOS | NA | NA | NA | Loudermill held on 11/21/22.  Termination recommended. Board voted to impose no discipline and permitted Crosier to retire. |
| Crosier, Victoria | Noncompliant | Failure to Supervise | 103.415 | Oral Reprimand | 3/3/2021 | 2 years | 3/3/2023 | Did not show up for roll call or make sure a supervisor was working.  No supervisor for 2 hours. |
| Crosier, Victoria | Noncompliant | Failure to supervise | 103.415 | Not sustained | 6/5/2021 | NA | NA | Prom detail |
| Crosier, Victoria | Noncompliant | Failure to complete an assigned task | 103.595 | Written Reprimand | 6/5/2021 | 1 year | 6/5/2022 | Prom detail |
| Piasecki, Gerard | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseing | 5/5/2021 | 1 year | 5/5/2022 | Backed 34-12 into 34-11 |
| Detrick, Bryan | Insubordination | Failure to comply with orders | 103.42 | Counseling | 4/26/2021 | 1 year | 4/26/2022 | Left prisoner's bag in cell block |
| Detrick, Bryan | Insubordination | Failure t comply with department policies | 103.42 | Written Reprimand | 8/17/2021 | 1 year | 8/17/2022 | Failure to wear vest.  Courtesy complaint. |
| Detrick, Bryan | Noncompliant | Failure to follow procedures for handling evidence | 103.515 | Oral Reprimand | 4/26/2021 | 1 year | 4/26/2021 | |
| Elmore, Edward | Insubordination | Failure to adhere to rules and regulations | 103.59 | Counseling | 6/5/2021 | 1 year | 6/5/2022 | Prom detail |
| Elmore, Edward | Insubordination | Failure to comply with orders | 103.42 | Counseling | 7/12/2021 | 1 year | 7/12/2022 | Did not get approval from Command for school day |
| Elmore, Edward | Insubordination | Conduct unbecoming an officer | 103.175 | Termination | 2/20/2024 | DURATION | NA | Unauthorized canine acquisition, false statements |
| Elmore, Edward | Misconduct | False satements - Time theft and conduct unbecoming/insubordination | 103.112 | Termination recommendation - BOS voted no discipline | 2/25/2022 | | | Loudermill held on 12-9-22 - Termination recommended.  Included conduct for t-shirt and PDF circulation.  Board determined no discipline needed (Takita email dated 4-7-23). |
| Collins, Michael | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling Session w/Sgt. A. Fanelli | 5/5/2021 | 2 years | 5/5/2023 | Traffic pursuit, hit tree |
| Fisher, Brian | Misconduct | False statements - Time theft | 103.112 | Termination recommendation - BOS voted written reprimand | 2/25/2022 | | | Loudermill held on 12-9-22 - Termination recommended.  Board changed sections to 103.420 and 103.595 and determined written reprimand (Takita email dated 4-7-23). |
| McCreary, Stephen | Accident | Damage to police vehicle as a result of accident | 103.47 | Oral Reprimand | 5/15/2021 | 2 years | 5/15/2023 | Backed 34-15 into road crew equipment |
| Olmeda, Francisco | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 6/3/2021 | 1 year | 6/3/2022 | Rear ended civilian vehicle. |
| Killeen, Matthew | Noncompliant | Failure to complete assigned task | 103.59 | Oral Reprimand | 8/3/2021 | 1 year | 8/3/2022 | Did not file DUI charges within 5 days |
| Killeen, Matthew | Insubordination | Courtesy complaint | 103.145 | Unfounded | 1/31/2025 | 1 year | NA | Courtesy complaint filed by motorist and then withdrawn. |
| Iacono, Christopher | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 8/9/2021 | 2 years | 8/9/2023 | Backed into vehicle in HQ parking lot |
| Langan, Steven | Insubordination | Conduct unbecoming an officer | 103.175 | Demotion | 2/21/2024 | DURATION | NA | Unauthorized acquisition of canine and other misconduct, false statements |
| Langan, Steven | Misconduct | False statements - Thomas Complaint | 103.112 | Termination recommendation - Reduced to no discipline by BOS | NA | NA | NA | Board of Supervisors overturned discipline recommendation for termination and imposed no discipline |
| Langan, Steven | | Thomas Complaint | 103.112 | | | | | Pending |
| Langan, Steven | Misconduct | Undermining chain of command in roll call | 103.42 | Counseling | 10/15/2024 | 1 year | 10/15/2025 | Making statements about Jeff Dence getting rid of Chief and promoting Langan, etc. |
| Lundquist, Thomas | Misconduct | False statements - Time theft | 103.112 | Termination recommendation -  BOS voted written reprimand | 2/25/2022 | | | Loudermill held on 12-9-22 - Termination recommended.  Board  changed sections to 103.420 and 103.595 and determined written reprimand (Takita memo dated 4-7-23). |
| Stecklair, Dean | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling session with Lt. Ward | 1/11/2022 | 2 years | 1/11/2024 | Crash with civilian vehicle while driving |
| Phillippe, Nicholas | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling session with Lt. Ward | 2/5/2022 | 2 years | 2/5/2024 | Hit tractor trailer while moving vehicle on crash scene on Route 13 |
| McShane, Brian | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 5/27/2021 | 1 year | 5/27/2022 | Did not fill out daily logs |
| Murphy, Ryan | Misconduct | Failure to be home after calling off sick | 103.512 | 1 Day suspension | 7/5/2021 | 1 year | 7/5/2022 | Called out sick from Cape May NJ |
| Murphy, Ryan | Misconduct | Changing residence without 24 hours notification | 103.536 | Written Reprimand | 7/5/2021 | 1 year | 7/5/2022 | Also did not change with PENNDOT |
| Murphy, Ryan | | Failure to adhere to rules and regulations | 103.59 | Written Reprimand | 6/9/2024 | 1 year | 6/9/2025 | BWC policy violation and crowd control violation - citizen complaint |
| Murphy, Ryan | Insubordination | Failure to conduct proper investigation | 103.425 | Unfounded | 1/31/2025 | 1 year | NA | Arrest of 302 subject on porch. Sister filed complaint but did not cooperate with IA |
| O'Connell, Dennis | Noncompliant | Failure to conduct proper investigation | 103.425 | Counseling | 5/18/2021 | 1 year | 5/18/2022 | Death investigation at Country House motel |
| Pinto, Nicholas | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling session with Lt. Ward | 4/9/2022 | 2 years | 4/9/2024 | Hit sally port |
| Omlor, Jeffrey | Misconduct | Failure to adhere to rules and regulations | 103.59 | Counseling | 5/2/2024 | 1 year | 5/2/2025 | Violation of sick time policy |
| Omlor, Jeffrey | | Failure to conduct a proper investigation | 103.425 | Oral reprimand | 1/1/2024 | 1 year | 1/1/2025 | Failed to investigate and make arrest, excessive PTO and sick time use contributed |
| Detrick, Bryan | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 1/27/2023 | 2 years | 1/27/2025 | Backed police vehicle into unoccupied police vehicle in parking lot |
| Parnes, Michael | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 5/12/2023 | 2 years | 5/12/2025 | Minor crash on duty |
| Parnes, Michael | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 3/9/2021 | 1 year | 3/9/2022 | Improper OT submission for court standby and local hearing, video testimony at DC10, |
| Parnes, Michael | Noncompliant | Failure to conduct proper investigation | 103.425 | Oral Reprimand | 4/4/2021 | 1 year | 4/4/2022 | Paul Freeman arrest 21-05087 |
| Killeen, Matthew | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 4/7/2024 | 2 years | 4/7/2026 | Hit pole while backing up |
| McCreary, Stephen | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 4/12/2024 | 2 years | 4/12/2026 | Minor crash on duty |
| Vella, John | Accident | Damage to police vehicle as a result of accident | 103.47 | Oral reprimand | 4/15/2024 | 2 years | 4/15/2026 | Parking lot accident on duty |
| Pinto, Nicholas | Noncompliant | Failure to supervise | 103.415 | Oral Reprimand | 8/17/2021 | 2 years | 8/17/2023 | Allowed officer to go on patrol without wearing his ballistic vest |
| Rhodunda, Bruce | Misconduct | Improper School Day | 103.112 | | | | | Pending |
| Rhodunda, Bruce | Misconduct | Outside Employment | 103.111 | | | | | Pending |

Exhibit 45

| Name | Type | Charge | Code | Outcome | Date | Duration | End Date | Notes |
|---|---|---|---|---|---|---|---|---|
| Rhodunda, Bruce | Misconduct | False statements - Improper School Day | 103.112 | Termination recommendation - Retired while pending | NA | NA | NA | Loudermill started on 4-21-22, request for reschedule until 4/27/22 granted. Chief placed on admin leave 4-26-22 and not permitted to conduct loudermill when Chief returned in 9-2022.  Rhodunda was permitted to retire 10-6-22 |
| Rhodunda, Bruce | Misconduct | False stetements - Outside Employment | 103.111 | Termination recommendation - Retired while pending | NA | NA | NA | Loudermill started on 4-21-22, request for reschedule until 4/27/22 granted. Chief placed on admin leave 4-26-22 and not permitted to conduct loudermill when Chief returned in 9-2022.  Rhodunda was permitted to retire 10-6-22 |
| Rhodunda, Bruce | Misconduct | False statements - Thomas Complaint | 103.112 | Termination recommendation - Retired while pending | NA | NA | NA | Loudermill started on 4-21-22, request for reschedule until 4/27/22 granted. Chief placed on admin leave 4-26-22 and not permitted to conduct loudermill when Chief returned in 9-2022.  Rhodunda was permitted to retire 10-6-22 |
| Rhodunda, Bruce | | Thomas Complaint | 103.112 | | | | | |
| Shannon, Matthew | | Failure to adhere to rules and regulations | 103.59 | Pending/Officer left employment | | 1 year | | Pending |
| Small, Gregory | Noncompliant | Failure to conduct a proper investigation | 103.425 | 1 day suspension | 6/10/2023 | 1 year | 6/10/2024 | BWC violation |
| Spiritosanto, Anton | Insubordination | Failure to adhere to rules and regulations | 103.59 | Counseling | 6/5/2021 | 1 year | 6/5/2022 | Arrested 2 juveniles who had no criminal liability.  1 detailed in Edison. |
| Spiritosanto, Anton | | Failure to adhere to rules and regulations | 103.59 | Pending | 7/9/2024 | 1 year | 7/9/2025 | Prom detail |
| Spiritosanto, Anton | | Loss of police department property | 103.465 | Pending | 7/9/2024 | 1 year | 7/9/2025 | BWC policy violation |
| Evangelista, Robert | Accident | Damage to police vehicle as a result of accident | 103.47 | Oral reprimand | 5/20/2024 | 2 years | 5/20/2025 | Lost BWC |
| Szamboti, James | Noncompliant | Failure to supervise | 103.415 | Counseling | 9/25/2024 | 2 years | 9/25/2026 | Minor crash on duty |
| Tanner, William | Arrest | Intoxication off duty resulting in arrest | 103.21 | 30 day suspension | 8/30/2021 | DURATION | NA | Failed to make sure Spiritosanto filed Childline report |
| Tanner, William | Arrest | Intoxication off duty resulting in arrest | 103.47 | BOS ordered termination | 8/30/2021 | DURATION | NA | Arrested for DUI after crash |
| Tanner, William | Misconduct | Failure to remove keys from patrol car unattended | 103.46 | Counseling | 7/27/2021 | 1 year | 7/27/2021 | Board added in DL suspension and meme and ordered termination. |
| Thomas, George | Insubordination | Conduct unbecoming an officer | 103.18 | AA Meetings for year. AM if return to work | 6/15/2024 | NA | NA | Left Dodge running in HQ parking lot |
| Krotz, Richard | Accident | Damage to police vehicle as a result of accident | 103.47 | Counseling | 6/1/2024 | 2 years | 6/1/2026 | Spousal complaint. IA and DAO investigation. DAO no charges. Out IOD |
| Ward, Henry | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 4/26/2021 | 1 year | 4/26/2021 | Minor crash on duty |
| Ward, Henry | Insubordination | Failure to follow orders | 103.42 | Oral Reprimand | 4/26/2021 | 1 year | 4/26/2022 | Missed cell block inspection |
| White, Bryan | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 4/26/2021 | 1 year | 4/26/2022 | Failed to conduct command level cell block inspection |
| White, Bryan | Insubordination | AWOL | 103.41 | Written Reprimand | 5/20/2021 | 1 Year | 5/20/2022 | Failed to follow up on cell being locked - forgot. |
| White, Nicole | Noncompliant | Failure to conduct a proper investigation | 103.425 | Oral reprimand | 1/8/2023 | 1 year | 1/8/2024 | Put in school day for CPR training.  Did not go to roll call.  Also surrendered 3.5 hours k time. |
| Wolverton, Michael | Insubordination | Failure to comply with orders | 103.42 | Oral Reprimand | 6/1/2021 | 1 year | 6/1/2022 | Arrested wrong person on warrant and sent to BCP.  Prison noticed. |
| Stecklair, Dean | Accident | Damage to police vehicle as a result of accident | 103.47 | 2 Day Suspension | 1/18/2025 | 2 years | 1/18/2027 | The actual cash value of the vehicle is $22,680.50 and our $2,500 deductible is taken off of that, so we will be receiving a check from insurance for $20,180.50. | There one injury, complaint of pain, went to hospital by POV. Nine working days lost due to injury. Civil suit filed by struck motorist. |
| Lundquist, Thomas | Accident | Damage to police vehicle as a result of accident | 103.47 | | 4/20/2025 | 2 years | | |

Exhibit 45

**Subject:** Fwd: Step II response
**Date:** Thursday, April 3, 2025 at 12:44:58 PM Eastern Daylight Time
**From:** Ed Elmore <edinpa84@gmail.com>
**To:** ████████████████████████████████████████████████

---------- Forwarded message ---------
From: **Elmore, Edward** <e.elmore@fallstwppd.com>
Date: Wed, Feb 21, 2024 at 1:05PM
Subject: Fwd: Step II response
To: edinpa84 <edinpa84@gmail.com>

---

**From:** Matthew Takita <m.takita@fallstwp.com>
**Sent:** Tuesday, August 8, 2023 7:33:33 AM
**To:** Elmore, Edward <e.elmore@fallstwppd.com>; Thomas, George <g.thomas@fallstwppd.com>;
Todd Eagen <teagen@wscc-law.com>
**Cc:** Sherry McGovern <s.mcgovern@fallstwp.com>; Whitney, Nelson <n.whitney@fallstwppd.com>;
Rich Dippolito <r.dippolito@fallstwp.com>
**Subject:** Step II response

All
Following up on Officer Elmore's Step II grievance hearing, which was held on Monday, July 31st:

Grievance Sustained. By way of further clarification, the Township's decision to sustain this grievance should not be construed or interpreted, by you or any other employee of this Township, to mean that the Township condones inappropriate, harassing, insubordinate, and intimidating behaviors by its employees. The behaviors exhibited by you have a negative impact on the efficiency and effective functioning of the Department and Township.   Therefore, you must treat your Command and fellow officers with appropriate respect.  More specifically, sustaining this grievance acknowledges only that, in accordance with ARTICLE 12 of the CBA, discipline must be resolved within ninety (90) days from the start of an investigation, unless written notice from the Township Manager or Chief is issued explaining the need for a delay beyond ninety (90) days.  Accordingly, the personnel file of the grieving officer will make no reference to the discipline imposed.

Matthew K. Takita, AIA, MCP
Township Manager

Exhibit 46                                    Elmore_000086

# FALLS TOWNSHIP POLICE DEPARTMENT MEMORANDUM

May 10, 2022

TO: Ofc. Elmore

FR: Henry Ward, Acting Chief of Police

RE: Internal Investigation Regarding K9 Training Incident

---

Please be advised that I will not be able to issue you a determination of discipline regarding the above referenced internal investigation within 90 days from the start of the investigation.

Additional time is needed to properly consult with the Township and labor counsel regarding this matter.

Exhibit 47

DEF_ESI_01019

| | |
|---|---|
| **Date:** | Fri, 19 Aug 2022 12:58:45 PM -0400 |
| **Sent:** | Fri, 19 Aug 2022 12:58:44 PM -0400 |
| **Subject:** | FW: Brady/Giglio Determinations |
| **From:** | Matthew Takita |
| **To:** | Jeff Dence <j.dence@fallstwp.com>; Jeff Boraski <j.boraski@fallstwp.com>; John Palmer <j.palmer@fallstwp.com>; Erin Mullen <E.Mullen@fallstwp.com>; Brian Galloway <b.galloway@fallstwp.com>; |
| **CC:** | 'Michael Clarke' <MClarke@rudolphclarke.com>; Lauren Gallagher <LGallagher@rudolphclarke.com>; Rich Dippolito <r.dippolito@fallstwp.com>; |
| **Attachments:** | Elmore, Lundquist, Fisher 8-17-22 Determination.pdf; Crosier 8-17-22 Determination.pdf |

All
Attached is the determination from the DA's office regarding the two matters

Matthew K. Takita, AIA, MCP
Township Manager
Zoning Administrator
Director of Code Enforcement

---

**From:** Ward, Henry <h.ward@fallstwppd.com>
**Sent:** Wednesday, August 17, 2022 3:02 PM
**To:** Matthew Takita <m.takita@fallstwp.com>; Rich Dippolito <r.dippolito@fallstwp.com>; Sherry McGovern <s.mcgovern@fallstwp.com>
**Cc:** Hearn, Thomas <thomas.hearn@obermayer.com>; Melissa Atkins - Obermayer Rebmann Maxwell & Hippel LLP (melissa.atkins@obermayer.com) <melissa.atkins@obermayer.com>; Michael Clarke <mclarke@rudolphclarke.com>; Lauren Gallagher <LGallagher@rudolphclarke.com>
**Subject:** Fw: Brady/Giglio Determinations

I received this email from the DA's office today.

---

**From:** Lannetti, Matthew <msLannetti@buckscounty.org>
**Sent:** Wednesday, August 17, 2022 9:31 AM
**To:** Ward, Henry <h.ward@fallstwppd.com>
**Cc:** Weintraub, Matthew D. <mdweintraub@buckscounty.org>; Schorn, Jennifer M. <jmschorn@buckscounty.org>; McDonough, Martin F. <mfmcdonough@buckscounty.org>
**Subject:** Brady/Giglio Determinations

Good Morning Chief Ward,

Attached are responses to two Brady/Giglio matters referred to us by Chief Whitney. Thanks,

Matthew S. Lannetti
Chief Deputy District Attorney
Chief of Child Abuse Prosecution
Bucks County District Attorney's Office
100 N. Main St. Doylestown, PA 18901
(215) 340-8018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Please Be Advised

The information in this email is confidential and may be legally privileged and protected under State and/or Federal Laws. It is intended solely for the addressee. Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. If you believe that you have received this email in error, please contact the sender or call 215-348-6000. The opinions expressed herein may not necessarily represent those of the County of Bucks

Exhibit 48

DEF_ESI_06039

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit 48

DEF_ESI_06040



# OFFICE OF THE DISTRICT ATTORNEY
## BUCKS COUNTY JUSTICE CENTER
## 100 NORTH MAIN STREET
## DOYLESTOWN, PENNSYLVANIA 18901

MATTHEW D. WEINTRAUB
DISTRICT ATTORNEY
(215) 348-6344

August 17, 2022

Acting Chief Henry Ward
Falls Township Police
188 Lincoln Highway
Fairless Hills, PA 19030

### Re: Officer Elmore, Officer Lundquist, and Officer Fisher

Dear Acting Chief Ward:

This letter is in response to correspondence dated April 23, 2022 from Chief Whitney regarding potential Brady/Giglio concerns involving Officers Elmore, Lundquist, and Fisher.

We appreciate the information that your department provided given our ongoing constitutional and statutory obligation to disclose information that can be used to impeach the credibility of our witnesses, including our law enforcement witnesses, for conduct reflecting on truthfulness and honesty.

Members of the District Attorney's Office Management team have had an opportunity to meet, evaluate, and discuss the matter involving Officers Elmore, Lundquist, and Fisher. After review, we have made a determination that the incidents described do not constitute a Brady/Giglio issue and we consider this particular issue closed.

Thank you again for taking your obligation seriously and reporting potential Brady/Giglio issues to us for review.

Very truly yours,

/s/ Matthew S. Lannetti

Matthew S. Lannetti
Chief Deputy District Attorney
mslannetti@buckscounty.org
215-340-8018

1

Exhibit 48

Elmore_00023



**09:55**

< (R) **Rich Dippolito**

Tuesday, Oct 4 • 10:52

Texting with Rich (SMS/MMS)

Ed it's Rich Dippolito. Hey next time you're in the building can you stop and see Matt and I just wanna go over a couple things with you, nothing bad. Thanks

I'm not due in for a while but could stop down sometime tomorrow if you are around.

I'm off tomorrow but in Thursday and Friday if ur around

Sometime Thursday then.

That works. Thanks

Tuesday, Oct 4 • 13:57

If you can do the morning that's preferable Matt hast to leave in the afternoon. If not we'll find another day

Sure. Let me know what time.

How about 9:30

Ok

Exhibit 49

Elmore_000381



Exhibit 49

Elmore 000382

## Light Duty

---

**From:** Ward, Henry h.ward@fallstwppd.com
**To:** Elmore, Edward e.elmore@fallstwppd.com
**Cc:** Whitney, Nelson n.whitney@fallstwppd.com,
Sherryann McGovern s.mcgovern@fallstwp.com
**Sent:** Monday, November 7, 2022, 16:54

Ed,

   Delaware Valley Health trust has advised the
Township that a light duty assignment is not
available for you at this time. You are not to report for
duty until you have been reevaluated after your
upcoming surgery. You are further instructed not to
operate Township vehicles until further notice. If you
have any questions you can call me.

Exhibit 50

Elmore_00025



18:13

< M **Mary Hicks**

Monday, Nov 7 • 17:04

Work just emailed saying you will not allow me to work light duty until some time after my surgery. Can you clarify this, and will this cause the loss of any benefits?

Tuesday, Nov 8 • 07:36

Ed,
As the nurse case manager or any adjuster from DVWCT, we provide the work restrictions determined by the physician to the employer. It is the employer who determines if they are able to accommodate the restrictions. If the employer is unable to accommodate the restrictions, then you are placed out of work until the next evaluation. Jean is your adjuster and can answer any additional claim questions. Jean can be reached at 267-803-5728. I hope this addressed your concerns.
Mary

The Hand Center provided you a copy of your restrictions.

I have bee___ phone duty until an hour before my M___ y night shift. Just curious what changed. Found it odd that

Text message

Exhibit 51

Elmore_000103

# FALLS TOWNSHIP POLICE
# MEMORANDUM

TO:    Ed Elmore                                          5 Dec 2022

FR:    Nelson Whitney

RE:    Conduct unbecoming an officer

---

Please be advised that your actions, as detailed in the following two paragraphs, may be found to constitute the following: Conduct unbecoming of an officer under sections 103.150 and 103.175 of the FTPD Discipline Code. Insubordination under section 103.305 of the FTPD Discipline Code. Disobedience of orders under section 103.560 of the FTPD Discipline Code.

When you appeared for the Loudermill hearings for Corporal Langan and Corporal Crosier, you were wearing and displaying a t-shirt with a photograph of my face next to a cell phone displaying Derick Chauvin's face printed on the front of the shirt. You also wore and displayed this t-shirt when you returned to HQ later that day and while you were in the roll call for the night shift. You had no business/work related purpose to be at roll call since you are currently IOD. I have been informed that your intention is to misrepresent this photograph, that you took in 2020, and falsely cast me as a racist to avoid your serious pending discipline.

This past weekend, after you were notified of your Loudermill hearing, a PDF was electronically circulated titled "Falls Township Deserves Better." On the PDF is the aforementioned photograph, a still shot of video from the CCTV system at HQ showing an incident with a prisoner from 2017, and QR codes that bring anyone scanning them to a Google Drive containing several photographs, the full video of the cell block incident and contact information for the Falls Township Board of Supervisors. I have been informed that you have expressed your intention to use this video to attempt to discredit Lt. Ward to avoid your serious pending discipline.

If you wish to respond to these charges in writing prior to your Loudermill on Friday, 9 December 2022 at 1500 hours, you may do so. If not, you will be afforded and opportunity to respond to these charges at Friday's Loudermill hearing. After the hearing, a recommendation for discipline will be forwarded to the Township for these

Exhibit 52

Defense 0011

charges as well as the outstanding recommendation for discipline you were provided last week.

You are ordered to immediately cease and desist this behavior. You are ordered to remove these items from the Google Drive so that they can be no longer viewed by anyone. You are ordered to return all copies of the CCTV video to my office. You are ordered to cease displaying, advertising or sharing my image or any images/video of any FTPD personnel.

Exhibit 52

Defense 0012